**Rollin E. TALBERT, Plaintiff-Appellant,**

v.

**Marion B. FOLSOM, Secretary of Health, Education, and Welfare, and Edward E. Turkel, Referee, 42 Broadway, New York, New York, Defendants-Appellees.**

No. 28, Docket 24556.

United States Court of Appeals
Second Circuit.

Argued Dec. 3, 1957.

Decided Dec. 30, 1957.

Samuel E. Swiggett, New York City, for plaintiff-appellant.

Marcus A. Rowden, Atty., Dept. of Justice, Washington, D. C. (Geo. S. Leonard, Acting Asst. Atty. Gen., and Paul A. Sweeney, Atty., Dept. of Justice, Washington, D. C., and Paul W. Williams, U. S. Atty., S. D. N. Y., New York City, on the brief), for defendants-appellees.

Before CLARK, Chief Judge, MOORE, Circuit Judge, and SMITH, District Judge.

## PER CURIAM.

Talbert, presently a self-employed attorney who retired from a salaried posi-

tion in 1952, received retirement benefits under the Social Security Act, 42 U.S.C. §§ 301 et seq., until January 1955. At that time payments ceased because Talbert reported expected earnings of over $1,200 a year—the statutory maximum. Talbert, in a series of letters, contended that under the Act these earnings were exempt and should not be considered in determining excess earnings. This contention was rejected by the Social Security Administration. On June 2, 1955, the Chief of the New York Area Office of the Board of Old Age and Survivors Insurance wrote Talbert rejecting his request for reconsideration and informed him that he might request a hearing within three months of the date of the letter. Over nine months later Talbert filed a request for a hearing which was denied for untimeliness under a regulation of the Social Security Administration which required that such a request be filed "within 3 months after the date of mailing notice of the reconsidered determination, except where the time is extended," 20 CFR § 403.709(b)(2). Later, Talbert's request for an extension of time was denied for failure to show good cause. On July 27, 1956, Talbert brought this action to require a hearing or in the alternative to direct the Secretary of Health, Education, and Welfare to pay plaintiff. On August 1, 1956, Congress passed an amendment to § 205(b) of the Act, 42 U.S.C. § 405(b), which in effect extended Talbert's time to file a request for a hearing until February 1, 1957. On October 25, 1956, the government made a motion to dismiss, which the district court granted without opinion, and Talbert appeals.

The simple answer to Talbert's contention is that he has so far failed to exhaust his administrative remedies, as contemplated and required by the Social Security Act § 205(b), (g), and (h), 42 U.S.C. § 405(b), (g), and (h). Any question concerning whether or not he was properly given time to apply for an administrative hearing is now foreclosed by the change in statute which afforded him opportunity to apply, not expiring until after the decision below. Indeed the information disclosed in his reply brief of his timely application which only awaits a determination of this action shows that this avenue is still open to him.

Judgment affirmed.